Filed 6/28/16  P. v. Rodela CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050734 |
| v. | (Super. Ct. No. 13WF0674) |
| NAHIN ROSALES RODELA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed.

Daniel R. McCarthy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Kristen Chenelia and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted Nahin Rosales Rodela of driving under the influence of alcohol and driving with a blood alcohol content of 0.08 percent or higher. (Veh. Code, § 23152, subds. (a) & (b); all statutory citations are to the Vehicle Code unless noted.) Rodela contends the prosecutor engaged in improper argument by referring to permissive statutory inferences (§§ 23152, subd. (b), 23610) as presumptions. For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2013, shortly before 9:00 p.m., Huntington Beach Police Officer Mark Van Meter spotted a vehicle traveling in the dark with its head and taillights off. The car, driven by Rodela, weaved and drifted within its lane. Van Meter turned on his emergency lights.

Rodela pulled into a gas station and Van Meter advised Rodela why he stopped him. Rodela responded he did not know his lights were off. A strong alcoholic odor came from the vehicle, and Rodela had bloodshot, watery eyes. Van Meter ordered Rodela out of the car and directed him to sit on the curb. The officer smelled alcohol on Rodela's breath and watched him stagger towards the curb. Rodela explained he had suffered a recent back injury and had trouble standing.

Rodela stated he had come from Seal Beach, approximately 10 miles away. The primary route included poorly lit areas where a driver would typically know if he were driving without headlights. Rodela admitted consuming two glasses of wine earlier in the day but felt "100 percent" at the time of the stop. But his speech was slurred and he believed the current time was between 11:30 p.m. and 12:30 a.m. although the actual time was 9:03 p.m.

2

Rodela refused to perform balance and coordination tests, citing his back injury. Van Meter administered a horizontal gaze nystagmus test. Rodela's eye movements during the test signaled impairment.

Van Meter arrested Rodela and administered two breath tests at the jail nine minutes apart. Both tests registered a blood alcohol content (BAC) of 0.11 percent. One hour and 16 minutes had elapsed from the beginning of the traffic stop to the time of the second breath test.

Prosecution and defense experts disagreed whether the evidence reflected Rodela displayed signs of impairment and whether his BAC was over 0.08 percent at the time of driving.

Following trial in July 2014, a jury convicted Rodela of the charged offenses and he admitted suffering prior convictions that elevated the current offenses to felonies. (§ 23550 [felony-misdemeanor where current violation of section 23152 occurred within 10 years of three or more separate offenses].) The trial court imposed a sentence of two years.

II

DISCUSSION

Rodela contends the prosecutor committed misconduct (*People v. Hill* (1998) 17 Cal.4th 800, 823 (*Hill*) [unintentional or unknowing error may be characterized as prosecutorial error rather than misconduct]) during rebuttal argument by using the word "presumption" to refer to permissive inferences specified in the Vehicle Code. We review the issue whether the prosecutor misstated the law under an independent standard of review. (See *People v. Katzenberger* (2009) 178 Cal.App.4th 1260, 1266 (*Katzenberger*) [improper argument to misstate the law].) We discern no prejudicial error.

Section 23152, subdivision (a), provides: "It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle." Section 23610 provides that in a criminal trial alleging a violation of this section, "the amount of alcohol in the person's blood at the time of the test as shown by chemical analysis of that person's blood, breath, or urine shall give rise to the following presumptions affecting the burden of proof: [¶] . . . [¶] (3) *If there was at that time 0.08 percent or more, by weight, of alcohol in the person's blood, it shall be presumed that the person was under the influence of an alcoholic beverage at the time of the alleged offense*." (Italics added.)

Section 23152, subdivision (b), provides: "It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle. . . . *In any prosecution under this subdivision, it is a rebuttable presumption that the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving*." (Italics added.)

Although these sections use the word "presumption," case law holds they create permissive inferences. (*People v. McNeal* (2009) 46 Cal.4th 1183, 1199 [section 23610 permits, but does not require, the jury to infer the defendant was under the influence if he had a BAC of 0.08 percent or more]; *People v. Milham* (1984) 159 Cal.App.3d 487, 505 [a permissive inference leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof to the defendant; no burden may be placed on a criminal defendant to prove the nonexistence of the presumed fact by raising a reasonable doubt as to its existence]; see *People v. McCall* (2004) 32 Cal.4th 175, 182-183 [permissive "presumptions" are not presumptions, but rather inferences drawn from evidence; they do not shift the prosecution's burden of production, and the jury is not required to abide by them].)

4

During closing argument, the prosecutor stated: "'If the People have proved beyond a reasonable doubt that the defendant's blood alcohol level was 0.08 percent or more at the time of the chemical analysis' – I'll repeat that – 'at the time of the chemical analysis,' not the time of drive . . . 'at the time of the breath test[,] you may, but are not required to, conclude that the defendant was under the influence of alcohol at the time of the alleged offense' –at the time of the alleged driving."

During his argument, defense counsel noted "the prosecutor [had been] harping on what's called a 'permissible inference,'" and argued why it would be unjust to convict Rodela based on this inference.

During rebuttal argument, the prosecutor stated: "If there is any disagreement about any of those driving patterns, mannerisms, objective signs of impairment, between you and what that could or could not mean, again, I urge you – I ask you – follow the law. Those two *presumptions*, if there is a test . . . ." (Italics added.) Defense counsel objected "on grounds of it being referenced as a presumption." The trial court overruled the objection, and the prosecutor continued: "If there is a test that shows 0.08 or more, you may, from that alone, convict the defendant of driving under the influence of alcohol. This is your evidence beyond a reasonable doubt. Second *presumption*, if there is a chemical test within three hours . . . ." (Italics added.) Defense counsel again objected based on the use of the word presumption, arguing it should be referred to as an inference. The court did not rule on the objection, but immediately instructed the jury: "Ladies and gentlemen, I'll read you the jury instructions, in regards to almost everything counsel has talked about. So if there is a disagreement between what counsel refers as to what the law is versus what I give you, you have taken an oath and will be sworn to follow the law as I give it to you." The prosecutor concluded: "If there is a chemical test within three hours of driv[ing] that's 0.08 or more, or above, that alone is sufficient to convict."

5

As a threshold matter, the Attorney General argues Rodela forfeited appellate review of his claim because he did not request a curative admonition. As a general rule, a defendant may not complain on appeal of prosecutorial misconduct unless he makes an assignment of misconduct in a timely fashion and requests the court to admonish the jury to disregard the impropriety. (*Hill*, *supra*, 17 Cal.4th at p. 820.) A defendant will be excused from the necessity of either a timely objection or a request for admonition if either would be futile or if an admonition would not have cured the harm caused by the misconduct. (*Ibid.*) The absence of a request for a curative admonition does not forfeit the issue for appeal if the trial court immediately overrules an objection to alleged prosecutorial misconduct and the defendant has no opportunity to make such a request. (*Ibid.*)

Here, the trial court immediately overruled Rodela's objection to the use of the word presumption. Rodela's failure to request a curative admonition does not forfeit the issue for appeal.

Turning to the merits, case law uses the terms "'permissive inference'" and "'permissive presumption'" interchangeably to describe the "'evidentiary device'" that allows, but does not require, the trier of fact to infer an elemental fact from an evidentiary fact. (See *People v. Beltran* (2007) 157 Cal.App.4th 235, 240, fn. 4; *Ulster County Court v. Allen* (1979) 442 U.S. 140, 157.) Here, although the prosecutor used the word "presumption," he described it in permissive, not mandatory, terms, noting jurors "'may, but are not required to, conclude that the defendant was under the influence of alcohol at the time of the alleged offense' – at the time of the alleged driving" based on the breath tests. The prosecutor did not suggest the presumption shifted the burden of proof to the defense or relieved the prosecution from establishing proof of guilt beyond a reasonable doubt. The prosecutor did not tell the jury it could rely on the presumption to disregard evidence of driving patterns, mannerisms, or other objective signs of impairment. We think the foregoing shows the jury understood the prosecutor's description as allowing

6

them to draw a permissive inference. Even defense counsel understood it this way when in argument counsel identified the prosecutor's reliance on a "permissible inference."

Immediately after defense counsel objected to the use of "presumption," the trial court admonished the jury it would receive instructions, "in regards to almost everything counsel has talked about," and if "there is a disagreement between what counsel refers as to what the law is versus what I give you, you have taken an oath and will be sworn to follow the law as I give it to you." The court later instructed the jury with CALCRIM Nos. 2110 and 2111, which, consistent with the prosecutor's argument, advised the jury it was permitted, but not required, to conclude Rodela drove under the influence of alcohol and with a BAC of 0.08 percent or more based on the tests.[1] The

---

[1] CALCRIM No. 2110 provided: "The defendant is charged in Count 1 with driving under the influence of (an alcoholic beverage) in violation of Vehicle Code section 23152(a). [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant drove a vehicle; AND 2. When (he) drove, the defendant was under the influence of (an alcoholic beverage). [¶] A person is under the influence if, as a result of (drinking or consuming an alcoholic beverage), his or her mental or physical abilities are so impaired that he or she is no longer able to drive a vehicle with the caution of a sober person, using ordinary care, under similar circumstances. [¶] The manner in which a person drives is not enough by itself to establish whether the person is or is not under the influence of (an alcoholic beverage). However, it is a factor to be considered, in light of all the surrounding circumstances, in deciding whether the person was under the influence. [¶] An alcoholic beverage is a liquid or solid material intended to be consumed that contains ethanol. Ethanol is also known as ethyl alcohol, drinking alcohol, or alcohol. [¶] *If the People have proved beyond a reasonable doubt that the defendant's blood alcohol level was 0.08 percent or more at the time of the chemical analysis, you may, but are not required to, conclude that the defendant was under the influence of an alcoholic beverage at the time of the alleged offense.* If the defendant was under the influence of (an alcoholic beverage), then it is not a defense that something else also impaired (his) ability to drive." (Italics added.)

CALCRIM No. 2111 provided: "The defendant is charged in Count 2 with driving with a blood alcohol level of 0.08 percent or more in violation of Vehicle Code section 23152(b). [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant drove a vehicle; AND 2. When (he) drove, the defendant's blood alcohol level was 0.08 percent or more by weight. [¶] *If the People*

7

court also informed the jury it "must follow the law as I explain it to you, even if you disagree with it.  If you believe that the attorneys' comments on the law conflict with my instructions, you must follow my instructions."  (CALCRIM No. 200.)

Rodela agrees the jury instructions correctly describe the operation of the permissive inferences, but "the prosecutorial misconduct lay precisely in the disregard of those jury instructions at the end of oral argument.  Rather than describe the inference that could be drawn about the BAC test, the prosecution argued that the jury should use the BAC test as a presumption, trumping any other disagreement regarding the facts, to find Rodela guilty . . . .  This argument, at the very end of closing arguments, attempted to re-write the standard, in the hope that the jury would become confused and apply an incorrect burden of proof."

As we have explained, the prosecutor never described the "presumption" as mandatory.  He quoted the permissive language from the instructions.  He did not tell or invite the jury to disregard the instructions.  He did not assert the chemical tests trumped other evidence bearing on the issue of impairment or blood alcohol content.  The prosecutor's use of "presumption" did not constitute prejudicial error in this case.  (See also *Katzenberger*, *supra*, 178 Cal.App.4th at p. 1268 [arguments of counsel generally carry less weight with a jury than do instructions from the court; appellate court ordinarily concludes jury followed the instructions and disregarded any conflicting argument.)

---

*have proved beyond a reasonable doubt that a sample of the defendant's breath was taken within three hours of the defendant's alleged driving and that a chemical analysis of the sample showed a blood alcohol level of 0.08 percent or more, you may, but are not required to, conclude that the defendant's blood alcohol level was 0.08 percent or more at the time of the alleged offense.*"  (Italics added.)

### III

#### DISPOSITION

The judgment is affirmed.

ARONSON, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

IKOLA, J.